Curia, per

Evans, J.
The objections made to the verdict in this case are — 1st: that the magistrate took the plaintiff’s bond without security, as required by law. 2d; because there was an informality in the affidavit upon which the attachment issued. In relation to this last objection, it does appear that the affidavit does not follow verbatim the words of the Act of 1785, P. L. 368, though in substance it recites a case wherein the magistrate had jurisdiction. The words of the affidavit are, “that they (the defendants) have absconded, and are about to remove their effects out of this State, or so conceal themselves that the ordinary process of law cannot be served on them.” The words of the 7th 'clause of the Act giving the magistrate jurisdiction, are, “ is about to remove, or is removing, out of the county privately, or so absconds or conceals himself that a warrant or summons cannot be served on him.” In the view which this court takes of the case, it is unnecessary to express any opinion on this part of it. The defendant is a constable, and the law does not and ought not to require that he should look beyond the process which requires him to act. If the process issue from a court having jurisdiction, it is his duty to execute it. He is neither permitted or required to look behind it to see if the court has done its duty, and complied with all that the law requires as a prerequisite to the issuing of the process. In this case, the attachment was levied on the mare, and returned to the magistrate, who thereupon gave judgment for the plaintiff, and ordered the sale of the property *338 attached, to satisfy the judgment. It was under this order the defendant, Gault, acted when he sold the mare, which was the only conversion alleged or proved at the trial. There is a wide distinction between those who issue, or procure to be issued, an irregular legal process. The magistrate might sometimes be liable — the party procuring the process to issue, would, in general, be liable — but the ministerial officer whose duty it is to execute it, is justifiable, unless the process be void, and not merely voidable. There is no pretence to say the authority under which the defendant acted was void. The case was within the jurisdiction of the magistrate. The constable was not bound to enquire as to the affidavit, or whether the magistrate had taken security to the bond.
The motion is dismissed.
Richardson, O’Neall, Earle, and Butler, JJ., concurred.